# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| AVENTURE COMMUNICATIONS TECHNOLOGY, L.L.C., an Iowa limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>MCI COMMUNICATIONS SERVICES, INC., d/b/a Verizon Business Services, a Delaware corporation,<br><br>    Defendant. | No. C 07-4095-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING TRANSFER OR REASSIGNMENT OF CASE** |

_____

## *I. INTRODUCTION*

  This matter comes before the court upon receipt of the parties' responses to the court's February 4, 2008, Order To Show Cause Why Case Should Not Be Transferred To The Southern District of Iowa (docket no. 32) (Show Cause Order). The court entered its Show Cause Order *sua sponte* raising the question of whether the present case can and should be transferred to the Southern District of Iowa pursuant to 28 U.S.C. § 1404(a), in the interests of justice, judicial economy, and the convenience of parties and witnesses, because such a transfer might allow this case to be consolidated with other pending litigation involving substantially the same issues and in which the plaintiff here is a defendant. The court directed the parties to file simultaneous briefs to show cause why this case should not be transferred to the Southern District of Iowa. The court stated that, if the parties do not both consent to transfer of the case to the Southern District of Iowa, the court would set a show cause hearing to determine the matter.

Pursuant to the court's Show Cause Order, plaintiff Aventure filed a Reply Brief To Order To Show Cause (docket no. 33) on February 8, 2008. In its Reply, Aventure argues that transfer of this case is inappropriate, because Aventure's choice of forum is entitled to deference, and because the relevant convenience factors do not warrant transfer to the Southern District of Iowa. Somewhat more specifically, Aventure argues that defendant Verizon does business nationwide, so that Verizon cannot claim that Sioux City is less convenient than Des Moines; that Verizon's witnesses likely are not located in either Sioux City or Des Moines; that Aventure's principal place of business is in Sioux City and all of its records and witnesses are located in this district; that any witnesses who could be subpoenaed in Des Moines also likely could be subpoenaed in Sioux City, and, in any event, deposition testimony is likely to be adequate in this case; and that all of the long distance telephone calls at issue in this case were terminated in rural Woodbury County, which is in this district. Aventure also argues that, of the "interest of justice" factors, only judicial economy potentially weighs in favor of a transfer, but even the weight of that factor is called into doubt, because the differences between the issues involved and the procedural footing in this case and similar litigation pending in the Southern District mean that this case is very unlikely to be consolidated for trial or discovery with the cases in the Southern District. Indeed, Aventure argues that judicial economy would be better served by transferring this case to the District of South Dakota, where Verizon is a defendant in a collection action substantially similar to Aventure's action here, Verizon has also filed counterclaims that are essentially identical in nature to the counterclaims that Verizon has raised in this action, and the plaintiffs have moved to dismiss those counterclaims on essentially the same grounds that Aventure has asserted here.

In contrast, in a Notice Of Consent To Transfer To Southern District (docket no. 34), filed February 11, 2008, Verizon consents to transfer of this case to the Southern

2

District of Iowa. Verizon does not, however, consent to the consolidation of this case with other cases currently pending in that district. Verizon acknowledges that there is some overlap between this case and the cases in the Southern District, but argues that this case also raises unique issues of fact and law, including Verizon's argument that Aventure does not qualify as a rural competitive local exchange carrier (CLEC), so that Aventure's tariffs are void *ab initio*. Verizon also argues that Aventure did not provide switched access service under its tariffs, but for different reasons than other long-distance carriers have asserted in the Southern District litigation. Thus, Verizon contends that this case will require separate discovery and separate trial on unique issues.[1]

On February 18, 2008, Aventure filed a Supplemental Reply Brief To Order To Show Cause (docket no. 35). Aventure attached to its Supplement a February 13, 2008, order by Judge Gritzner in the Southern District cases staying further activity in three of those cases pending a final decision by the FCC on Qwest's Petition for Reconsideration of the FCC Order of October 2, 2007, in the *Qwest v. Farmers & Merchants Telephone Company* case. Aventure contends that Judge Gritzner's order represents a new and additional ground for either maintaining the present action in this district or transferring it to the District of South Dakota, because a transfer to the Southern District of Iowa would likely result in delays in the disposition of this case.

In light of the parties' positions and the record in this case, the court concludes that the question of whether or not this matter can and should be transferred to the Southern District of Iowa can be resolved without the need for a further hearing.

---

[1] Although Verizon reserved the right to respond separately to Aventure's February 8, 2008, Reply by the February 18, 2008, deadline set by the court, Verizon did not file any such separate response to Aventure's Reply.

## II. LEGAL ANALYSIS

### A. Applicable Standards

Section § 1404(a) of Title 28 of the United States Code "governs the ability of a federal district court to transfer a case to another district." *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir.), *cert. denied*, 522 U.S. 1029 (1997). Section 1404(a) provides as follows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). Section 1404(a) was designed "as a 'federal housekeeping measure,' allowing for easy change of venue within a unified federal system." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981) (quoting *Van Dusen v. Barrack*, 376 U.S. 612 (1964)). Even though the statute was intended to allow for easy change of venue, "[i]n general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." *Terra Int'l, Inc.*, 119 F.3d at 695 (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (8th Cir. 1995); *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)).

In its *Terra* decision, the Eighth Circuit Court of Appeals recapitulated the following analytical framework to be employed in considering a motion to transfer under § 1404(a):

> The statutory language reveals three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. [28 U.S.C. § 1404(a)]. Courts have not, however, limited a

> district court's evaluation of a transfer motion to these enumerated factors. Instead, courts have recognized that such determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors.

*Terra Int'l, Inc.*, 119 F.3d at 691 (citing 28 U.S.C. § 1404(a)). In appraising the first two "convenience," categories, the Eighth Circuit Court of Appeals approved of this court's consideration of the following five factors:

> (1) the convenience of the parties, (2) the convenience of the witnesses—including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law.

*Id.* at 696 (citing *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 922 F. Supp. 1334, 1357-61 (N.D. Iowa 1996)). With respect to the final category, the "interests of justice," the Eighth Circuit Court of Appeals also agreed with this court's consideration of the following seven factors:

> (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law.

*Terra Int'l, Inc.*, 119 F.3d at 696 (citing *Terra Int'l, Inc.*, 922 F. Supp. at 1361-63).

With these standards in mind, the court turns to consideration of whether this action should be transferred to the Southern District, where similar litigation is pending, in the interests of justice, judicial economy, and the convenience of parties and witnesses.

## B. *Application Of The Standards*

Application of the "convenience" factors in this case does not clearly warrant setting aside the plaintiff's choice of forum. *Terra Int'l, Inc.*, 119 F.3d at 695 ("In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted."). Indeed, the court is not convinced that any of the "convenience" factors identified in *Terra Int'l, Inc.*, 119 F.3d at 696, weigh substantially in favor of either this forum or the Southern District of Iowa. Somewhat more specifically, the parties are equally able to appear in either the Southern or the Northern District, as Aventure is a party to litigation in both fora and Verizon is a nationwide company, and for the same reasons, the accessibility of records and documents does not weigh strongly in favor of one forum or the other, although the court does take note of Aventure's assertion that all of its pertinent records and documents are located in this district. *Terra Int'l, Inc.*, 119 F.3d at 696 (citing these factors as two of the "convenience" factors). The applicability of each forum state's substantive law is simply irrelevant here, where both candidate fora are in Iowa. *Id.* (another factor). While Aventure's witnesses may find it easier to appear in this district, there is no showing that they would be unwilling to appear or unable to respond to subpoenas to appear in the Southern District, and it is likely, as Aventure admits, that deposition testimony is likely to be adequate for most witnesses in this case. *Id.* (another factor). Only the factor considering where the conduct complained of occurred, *id.*, which, in this case, is in this district, weighs in favor of one forum (the current forum) over the candidate forum.

Similarly, the "interests of justice" factors do not clearly warrant setting aside the plaintiff's choice of forum. *Terra Int'l, Inc.*, 119 F.3d at 695 (the party seeking transfer must overcome the deference to be given to the plaintiff's choice of forum). The court

6

agrees with Aventure that several of the "interests of justice" factors—the comparative costs to the parties of litigating in each forum, each party's ability to enforce a judgment, obstacles to a fair trial, conflict of law issues, and the advantages of having a local court determine questions of local law, *Terra Int'l, Inc.*, 119 F.3d at 696—simply have little or no bearing here. That leaves judicial economy and the plaintiff's choice of forum. *Id.* The plaintiff's choice of forum is this district, and the court is not now convinced that judicial economy will necessarily be better served by transferring this case to the Southern District. Although the court is still persuaded that there is considerable overlap among the issues in this case and the issues in various cases involving Aventure and different long-distance carriers in the Southern District, both Aventure and Verizon have demonstrated that this case is not necessarily amenable to consolidation with those other cases, owing to differences in some issues and procedural footing.

Therefore, upon consideration of all pertinent factors, the court finds that transfer of this action to the Southern District of Iowa pursuant to § 1404(a) is not appropriate.[2]

On the other hand, the court finds that the similarity of issues is sufficient that judicial economy and the best interests of the parties will be served by reassigning this case to Judge Gritzner, who is cross-designated in this district. Judge Gritzner is the judge presiding over the similar litigation in the Southern District of Iowa. He has, thus, already developed considerable familiarity with many of the issues now advanced in this litigation from his involvement in the cases in the Southern District. Judge Gritzner has been consulted and has consented to reassignment of this case to him in his cross-designated capacity.

---

[2] For the same reasons, the court will not transfer this case to the District of South Dakota, as Aventure asks, in the alternative.

THEREFORE, this matter **will not** be transferred to the Southern District of Iowa. However, this matter **will be, and hereby is, reassigned to Judge Gritzner** pursuant to his cross-designation in this district.

**IT IS SO ORDERED.**

**DATED** this 18th day of March, 2008.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA