IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION


| | | |
|---|---|---|
| AVENTURE COMMUNICATIONS TECHNOLOGY, L.L.C., an Iowa limited liability company, | ) ) ) | No. 5:07-cv-4095-JEG-RAW |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | RULING ON MOTION FOR JOINDER OF PARTY AS COUNTERCLAIM DEFENDANT |
| MCI COMMUNICATIONS SERVICES, INC., d/b/a Verizon Business Services, a Delaware corporation, | ) ) ) ) ) | |
| Defendant. | ) | |


The above resisted motion [11] is before the Court
following hearing this date. Mr. Lundberg appeared for plaintiff.
Mssrs. Genser, Song, Gilliam and Simon appeared for defendant.

For reasons stated on the record, the motion is granted.
While the Court doubts joinder of FreeConference to the
counterclaim is required under Fed. R. Civ. P. 19(a), permissive
joinder under Fed. R. Civ. P. 20(a) is clearly in order. See Fed.
R. Civ. P. 13(h). The resistance is based on the merits of the
counterclaim concerning which Aventure has a pending motion to
dismiss based on a "filed rate doctrine" defense and the FCC's
opinion in the Qwest Communication Corp. case, which is under
reconsideration by the FCC. As stated on the record, in the Court's
judgment merits review at this incipient stage is much the same as
it is on a Fed. R. Civ. P. 15(a) motion for leave to amend to add

additional claims. Only if the claim is futile in the sense of being legally insufficient on its face is denial warranted. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Popalii v. Correctional Medical Services</u>, 512 F.3d 488, 497 (8th Cir. 2008)(citing <u>Kozohorsky v. Harmon</u>, 332 F.3d 1141, 1144 (8th Cir. 2003)). That is not the case with respect to the counterclaim to which Verizon seeks to join FreeConference as a defendant.

      Motion [11] **granted** as above.

      IT IS SO ORDERED.

      Dated this 3d day of April, 2008.

_____
ROSS A. WALTERS
UNITED STATES MAGISTRATE JUDGE