IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

AVENTURE COMMUNICATIONS           )
TECHNOLOGY, L.L.C., AN IOWA       )   No. 5:07-cv-04095-JEG-RAW
LIMITED LIABILITY COMPANY,        )
                                  )
         Plaintiff,               )
                                  )
    vs.                           )   RULING ON CROSS-MOTIONS
                                  )   TO COMPEL
MCI COMMUNICATIONS SERVICES,      )
INC., FORMERLY DOING BUSINESS     )
AS MCI WORLDCOM                   )
COMMUNICATIONS, INC., AND         )
NOW DOING BUSINESS AS VERIZON     )
BUSINESS SERVICES, A DELAWARE     )
CORPORATION,                      )
                                  )
         Defendant.               )

The resisted cross-motions to compel [62, 64] of MCI Communications Services, Inc. ("Verizon") and Aventure Communications Technology, L.L.C. ("Aventure") are before the Court. They are decided on the motion papers. LR 7.c.

Aventure's Motion for Order Compelling Discovery

Verizon objects to those of Aventure's requests for admissions which it views as improperly seeking admissions of legal conclusions. The requests at issue are Nos. 2, 3, 4, 5 and 6.

While a request for admission may properly pertain to "the application of law to fact," Fed. R. Civ. P. 36(a), pure legal conclusions, or the truth of a legal conclusion, are out of bounds. *See Disability Rights Council v. Washington Metro. Area Transit Auth.*, 234 F.R.D. 1, 3 (D.D.C. 2006); *Tulip Commuters Int'l, B.V. v. Dell Computer Corp.*, 210 F.R.D. 100, 108 (D. Del. 2002);

*Lakehead Pipe Line Co., Inc. v. American Home Assur. Co.*, 177 F.R.D. 454, 458 (D. Minn. 1997); *Abbott v. United States*, 177 F.R.D. 92, 93 (N.D.N.Y. 1997). The line between a request to admit a pure legal conclusion and the application of law to fact can be murky because the application of law to fact necessarily incorporates an admission as to what the law is. The Court draws the line here as follows.

Requests for Admission Nos. 2, 3 and 4 ask Verizon to agree that an FCC report and order ("report and order") adopted a conclusive presumption and made certain holdings as described in the requests. To ask Verizon to admit the correctness of Aventure's view of the legal significance of an FCC ruling calls for admission of a legal conclusion. Aventure responds it is simply asking Verizon to admit what the FCC report and order says, but that is not how the requests are styled. The motion to compel is **denied** with respect to Requests for Admission Nos. 2, 3 and 4.

Requests for Admission Nos. 5 and 6, on the other hand, ask Verizon to admit the application of law to fact (or fact to law). In Request No. 5 Verizon is asked to admit that Aventure's federal tariff (fact) "adopts the benchmark rate approved by the FCC" in the subject report and order (law). In Request No. 6 Verizon is asked to admit that it "refused payment of tariff rates" (fact) "within the safe harbor by refusing to pay Aventure invoices

2

for terminating access charges" (law). The motion to compel is **granted** with respect to Requests for Admissions Nos. 5 and 6.

Verizon next contends Aventure's requests for information concerning Verizon's relationship in the 1980's and 1990's with Long Lines Ltd. d/b/a Northwest Iowa Telephone of Sergeant Bluff, Iowa lacks discovery relevancy. At issue are Request for Admission No. 7, Interrogatory No. 4, and Request for Production No. 7. Aventure claims the Long Lines information is relevant to the defense of the illegal revenue sharing allegations in Verizon's counterclaim because the discovery will show, according to Aventure, that Verizon itself "was a pioneer in revenue sharing arrangements." (Aventure Brief at 9). Verizon responds that even if it long ago entered into revenue sharing agreements comparable to the scheme it attacks in this case, the information is too remote and a "they did it too" argument is no defense to the illegal traffic pumping of which it accuses Aventure. (Verizon Memorandum in Opposition at 6).

The Court believes Verizon's history of alleged involvement in an arguably comparable revenue sharing arrangement is generally relevant to Aventure's defense that it has engaged in an accepted form of revenue sharing which is not illegal. There may be a limit on how far Aventure may go down this path before relevancy becomes too attenuated, but the requested discovery asks only that Verizon admit that it participated in revenue sharing

arrangements with Long Lines (Request for Admission No. 7), provide information about persons with knowledge (Interrogatory No. 4), and produce documents pertaining to the arrangement (Request for Production No. 7). The motion to compel is **granted** with respect to these items.

Finally, Aventure seeks information about the revenue Verizon has received from traffic terminated to Aventure's network. At issue are Interrogatory Nos. 5 and 7 and Request for Production No. 6. Aventure suspects the revenue information will show that Verizon still makes a lot of money even after the terminating access charges are considered. (Aventure Brief at 10). The Court can perceive no obvious relevance of Verizon's revenue receipts to the defense of the traffic pumping, tariff validity, and Switched Access Services allegations in the counterclaim. The motion to compel is **denied** with respect to Interrogatory Nos. 5 and & and Request for Production No. 6.

The Court accepts Verizon's representation that Aventure's motion to compel with respect to Requests for Production Nos. 1, 2, 3 and 5 is moot in light of Verizon's supplementation by production of responsive documents on August 1, 2008.[1]

---

[1] Verizon has not argued the several vagueness, overbreadth and undue burden objections made with respect to the disputed discovery requests. The objections are not supported and are overruled.

Verizon's Motion to Compel

Aventure has objected to certain of Verizon's interrogatories and requests for production on the basis that it should not be required to respond to discovery pertaining to Verizon's counterclaim until the Court has ruled on the pending motion to dismiss. The specific discovery requests involved are Interrogatory Nos. 1-5, 9 and 10 and Request for Production Nos. 5-8, 10-13, 16 and 17.

The Court has deferred supplemental briefing on pending motions to dismiss in three similar cases until the FCC has issued a final decision in *Qwest Communications Corp. v. Farmers & Merchants Mutual Telephone Co.* which is under reconsideration. The parties understand they are in the same posture with respect to the motion to dismiss in this case. If the discovery sought by Verizon was relevant only to Verizon's counterclaim, the Court would agree the discovery should also abide the FCC's reconsideration ruling in *Qwest*. However, Aventure's claim against Verizon is essentially a collection action in which it seeks to recover payment for the disputed termination charges. Verizon asserts the objected-to discovery is relevant both to its counterclaims and to Aventure's collection claims. That is because to prevail Aventure must prove it operated under a federally-filed tariff and provided services pursuant to the tariff. *See Northern Valley Communications v. MCI Communications Servs., Inc.*, 2008 WL 2627519, *3 (D.S.D. June 26,

2008)(quoting *Advamtel LLC v. AT&T Corp.*, 118 F. Supp. 2d 680, 683 (E.D. Va. 2000)). Aventure has not taken issue with this assertion in its resistance. Verizon's motion to compel will be **granted**.

Aventure's motion to compel [62] is **granted in part and denied in part** in conformity with the foregoing discussion. Verizon's motion to compel [64] is **granted**. The Court elects not to undertake an apportionment of fees and expenses concerning Aventure's motion, Fed. R. Civ. P. 37(a)(5)(C), and in the context of this case and the others like it before Judge Gritzner, Aventure's resistance to discovery until its motion to dismiss was ruled upon presented a nonfrivolous argument which makes an award of expenses on Verizon's motion unjust. *Id.* 37(a)(5)(A)(iii). Discovery responses required to be served by this ruling shall be served within twenty (20) days of the date hereof.

IT IS SO ORDERED.

Dated this 16th day of September, 2008.

ROSS A. WALTERS
UNITED STATES MAGISTRATE JUDGE