IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| AVENTURE COMMUNICATIONS TECHNOLOGY, L.L.C., an Iowa limited liability company,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MCI COMMUNICATION SERVICES, INC., d/b/a VERIZON BUSINESS SERVICES, a Delaware corporation,<br><br>　　　　Defendant.<br><br>GLOBAL CONFERENCE PARTNERS, L.L.C. d/b/a FreeConference.com, a California limited liability company,<br><br>　　　　Counterclaim Defendant. | No. C07-4095-JEG<br><br><br><br><br><br><br>RULING ON PRO SE "MOTION FOR RECONSIDERATION AND CLARIFICATION, MOTION TO INTERVENE AS PLAINTIFFS UNDER FED. R. CIV. P. RULE 24(a)(2), 24(b), AND MOTION FOR BRIEF OF AMICUS CURIAE, FRIEND OF THE COURT" |

　　Before the Court is a pro se "motion for reconsideration and clarification, motion to intervene as plaintiffs under Fed. R. Civ. P. Rule 24(a)(2), 24(b) and motion for brief of amicus curiae, friend of court" [86]. The proposed intervenor appears to be an inmate at a federal correctional facility. Plaintiff has resisted. The motion is considered on the motion papers. LR 7.c.

　　The complaint in this case involves a dispute between a local telephone exchange carrier ("LEC") and long distance carriers with respect to rates charged by the LEC for call origination and termination services. In order to intervene either as of right or permissively, a party must meet three conditions: the proposed intervenor "must have 'a recognized interest in the subject matter

of the litigation' that 'might be impaired by the disposition of the case . . . and will not be adequately protected by'" the parties. *Tweedle v. State Farm Fire & Cas. Co.*, 527 F.3d 664, 671 (8th Cir. 2008)(quoting *South Dakota ex rel. Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 785 (8th Cir. 2003)). The proposed intervenor's papers provide no information which address any of the legal factors for intervention beyond a conclusory allegation he has "telephone records related to this case." Such allegations do not meet the legal requirements of the rule and do not show the proposed intervenor has any legal interest in the controversy between the present parties. The motion to intervene [86], therefore, should be denied.

To the extent the motion seeks reconsideration or clarification, it does not specify what the Court is being asked to reconsider or clarify, indeed, no other motion to intervene has ever been filed in this case.

Motion [86] **denied**.

IT IS SO ORDERED.

Dated this 10th day of December, 2008.

_____
ROSS A. WALTERS
UNITED STATES MAGISTRATE JUDGE