IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| AVENTURE COMMUNICATIONS TECHNOLOGY, L.L.C., an Iowa limited liability company, | ) ) ) ) | No. C07-4095-JEG |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| MCI COMMUNICATION SERVICES, INC., d/b/a VERIZON BUSINESS SERVICES, a Delaware corporation, | ) ) ) ) ) | RULING ON DEFENDANTS' MOTION FOR JOINDER OF PARTY AS COUNTERCLAIM DEFENDANT AND LEAVE TO |
| Defendant. | ) ) | AMEND COUNTERCLAIMS |
| GLOBAL CONFERENCE PARTNERS, L.L.C. d/b/a FreeConference.com, a California limited liability company, | ) ) ) ) ) | |
| Counterclaim Defendant. | ) ) | |

The above resisted motion [79] is before the Court. Verizon seeks permissive joinder of Futurephone.com LLC d/b/a Futurephone.Com ("Futurephone") as a defendant to its previously filed counterclaims, and leave to amend to do so. Fed. R. Civ. P. 13(h), 15(a)(2), 20(a)(2). Aventure resists.

For the reasons stated in Verizon's motion papers, the motion will be granted. I will elaborate only briefly. The permissive joinder standard in Fed. R. Civ. P. 20(a)(2) is clearly satisfied. Aventure does not contend otherwise. On April 3, 2008 the Court granted Verizon's motion to join Global Conference as a defendant to Verizon's counterclaim. Global Conference and Futurephone are similarly situated as providers of free

international calling, conference calling or chat-line services. Futurephone would be added as a co-defendant to the same civil conspiracy, aiding and abetting, and tortious interference claims Verizon has brought against Global Conference.

Verizon's amendment to its counterclaims to add Futurephone is timely under the current scheduling order deadline. It did not unduly delay in attempting to join Futurephone. In its initial counterclaims Verizon listed the free conference call providers Aventure allegedly conspired with as "Does 1 - 10," signaling its desire to add providers when discovered. Verizon says it did not learn of Futurephone as a provider until Futurephone sued Verizon in the Southern District of Iowa on September 24, 2008. *Futurephone.com LLC d/b/a Futurephone.Com vs. MCI Communications Services, Inc., now d/b/a Verizon Business Services*, 4:08-cv-00390-JEG-RAW (S.D. Iowa). None of the other circumstances which might warrant denial of a timely Rule 15(a)(2) motion are shown. *See Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008)("A denial of leave to amend may be justified by 'undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party,'" quoting *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557 (8th Cir.), *cert. denied*, 549 U.S. 881 (2006)); *Dennis v. Dillard Dept. Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000)(citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Aventure argues there is "no sound judicial reason" for Verizon to assert a counterclaim in this case when it could do so, indeed might have to do so, in the Southern District case. As matters stand now, this case is further along than the Southern District case with a trial date scheduled. If the cases remain on separate tracks, this case will come to trial first. It is generally desirable to have all the alleged joint tortfeasors joined in an action, and fair here to allow the counterclaim plaintiff, Verizon, that opportunity.

Aventure also contends the joinder of Futurephone will delay discovery in this case and possibly the trial date. This argument is essentially mooted by the recent order on the parties' joint motion continuing the trial to a year hence with related extensions of the deadlines, including discovery. Moreover, in the Southern District case Verizon has filed a motion to transfer to the Northern District and consolidate that case with this one. While not agreeing with Verizon's arguments, Futurephone has said it does not oppose transfer and consolidation of the Southern District case. That motion also is pending. So Futurephone may end up in this case anyway.

In sum, permissive joinder of Futurephone to the counterclaims in this action is proper under Fed. R. Civ. P. 20(a)(2) and leave to amend to do so is appropriate under the liberal pleading amendment rule incorporated in Fed. R. Civ. P. 15(a)(2).

3

Motion [79] **granted**.

IT IS SO ORDERED.

Dated this 21st day of January, 2009.

ROSS A. WALTERS
UNITED STATES MAGISTRATE JUDGE